Fuld, J. (concurring).
Although I am inclined to the view
that the report made by the psychiatrists should have been excluded from the consideration of the jury, I prefer to place my vote upon the second ground assigned by Judge Van Vookhis for reversal.
Coercion in the procuring of a confession may be exercised without resort to violence or mistreatment. Blood and bruises are not “the only hallmark[s] of an unconstitutional inquisition”. (Blackburn v. Alabama, 361 U. S. 199, 206.) In the present case, a regard for the circumstances under which the alleged confessions were obtained from the defendant, particularly in view of his low mentality, persuades me that they should be stamped as coercive — and, accordingly, inadmissible — under standards laid down by this court under New York law. (See People v. Leyra, 302 N. Y. 353, 362 et seq.; People v. Valletutti, 297 N. Y. 226, 232-233.) If this is so, then, it is unnecessary to consider whether there has been a violation of the defendant’s rights under the Constitution of the United States. (Cf. Malinski v. New York, 324 U. S. 401.)